## 9856

### STATE v. NOLE *ET AL.*

(94 S. E. 871.)

LARCENY—TRIAL—QUESTION FOR JURY.—In a prosecution for larceny of live stock, it was the province of the jury to pass upon the direct and circumstantial evidence of defendants' guilt.

Before GARY, J., Berkeley, Fall term, 1916.    Affirmed.

Prosecution for larceny of live stock.

*Mr. Walter Hazzard,* for appellant, submits: *The sole question presented by the exceptions is: Did the State offer evidence tending to establish the corpus delicti? If there was no evidence tending to establish this fact, it was error of law in refusing the motion to direct a verdict for defendants, and again in refusing the motion for a new trial:* 81 S. C. 100; 58 S. C. 495; 77 S. C. 379; 68 S. E. (N. C.) 917; 64 Sou. (Miss.) 215; 73 S. C. 340-54; 64 S. C. 566-9. *As to corpus delicti:* 43 Ark. 331; 5 Col. App. 91; 5 Cush. (Mass.) 295; 43 Miss. 472; 78 Mo. 438; 23 Mont. 473; 42 N. Y. 6; 49 N. Y. 137; 157 N. Y. 584; 160 N. Y. 402; 3 Ohio Cir. Dec. 48; 5 Ohio Cir. Ct. 94; 5 Pa. Dist. 403; 14 Texas App. 545; 17 Texas App. 287; 28 Texas App. 316; 29 Texas App. —; 34 Texas Crim. 546; 21 Gratt. (Va.) 809; 73 S. C. 324; — U. S. 532; 26 Fed. Cas. No. 15360; 14 Texas App. 545; (Texas Crim., 1893) 24 S. W. Rep. 285; 9 Met. (Mass.) 93; 27 So. Rep. (Miss.) 601; 109 N. Y. 374; 108 N. Y. 67; 8 Phila. (Pa.) 623; 73 S. C. 318-325; 57 S. E. (Ga.) 956; 4 Strob. 266; 7 Rich. 327-356; 107 S. C. 291, 299; 1 A. & E. Enc. Law 1121; 144 Cal. —; 77 Pac. 777; 103 S. C. 437; 47 S. C. 67.

*Solicitor E. C. Mann,* for State-respondent.

January 19, 1918.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

34—108.

514          State *v.* Nole.

The defendants were tried at the November term of Court, 1916, for Berkeley county, before Judge Gary, and a jury, upon an indictment charging them with larceny of live stock, to wit, one hog, alleged to be the property of E. S. Guerry, of the alleged value of $25. At the conclusion of the State's evidence in chief, the defendants' attorney moved for the direction of a verdict of not guilty upon the ground that the fact of the alleged crime, or the *corpus delicti,* had not been proven by the State. This motion was overruled, and the trial was finished and case submitted to the jury, who rendered a verdict of guilty. Before sentence was imposed the defendants moved for a new trial on the same grounds that a motion for a directed verdict had been made, which motion was also overruled. After sentence defendants appealed, and seek reversal.

The sole question raised by the exceptions is: Did the State offer evidence tending to establish the *corpus delicti?* His Honor's charge was logical, able, and lucid. He covered all of the law of case, and appellants make no complaint against it. The jury found the defendant guilty. There was evidence, direct and circumstantial, submitted to the jury, whose province it was to pass upon the same, sufficient to justify a conviction, and it was of such a character as to justify them in concluding beyond a reasonable doubt that the prosecutor's hog had been stolen and that the defendants were guilty of the theft. The State had evidence sufficient for the case to be submitted to the jury for their determination as to whether or not all of the elements constituting the offense were established by proof beyond a reasonable doubt. A careful reading of all the evidence in the case shows that the jury's verdict was justified by the evidence in the case. The exceptions are overruled.

Judgment affirmed.